Péarsok, J.
 

 Under the circumstances, we think there was no error in the Court below. If one, in a passion,
 
 *85
 
 speaks slanderous words and does not repeat them after* wards, his being in a passion is a circumstance to mitigate the damages ; because as juries are allowed to give damages, not merely by way of compensation, but for the purpose of making an example, and punishing in proportion to the degree of malice, the fact of being in a passion and not repeating the words afterwards, ought to have a marked bearing upon the amount of the damages.
 
 Gilreath
 
 v.
 
 Allen.
 
 decided at this term. So, if one, being drunk, speaks slanderous words and does not repeat them, when sober, his being drunk is a circumstance tomiti* gate the damages, because it tends to rebut the presumption of “ malice,” and the words of a drunken man are not usually attended to, and, therefore, are not much calculated to injure. But when the slanderous words are spoken on many occasions, public and private, when the defendant is sober as well as when he is drunk, on some of the occasions, when the wmrds are spoken, instead of tending to rebut the idea of “ malice,” this tends to shew, that the defendant’s heart is boiling over w'ith malice, and cannot. in any point of view', be allowed as a reason for abating the damages, which the jury would otherwise think proper to give.
 

 Per Curiam.
 

 Judgment below affirmed.